[No. 3,150.]

HUGH T. PLANT AND JOSEPH FEITTRO *v.* MICHAEL SMYTHE AND ISAAC HOBBS, SHERIFF OF SOLANO COUNTY.

| 45 | 161 |
| 77 | 219 |
| 45 | 161 |
| 85 | 507 |

ATTACHING LAND ALREADY SOLD.—The levy of an attachment upon real estate, after the defendant in the attachment has sold it, is ineffectual as against the grantee in the deed, even if the deed had not been recorded, and the attaching creditor had no notice of the sale.

REGISTRY ACT.—The Registry Act does not make an unrecorded deed void as against subsequent attaching creditors.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

On the 24th day of June, 1871, one Vest deeded the premises in suit to the plaintiffs; but the deed was not recorded until July 29th, 1871. On the twenty-fifth of the latter month the defendants commenced an action against Vest, and two days afterwards levied an attachment upon the land in controversy. August 8th, 1871, judgment was rendered against Vest in default of appearance, and on the tenth of that month proceedings were commenced to sell the land in satisfaction of the judgment. This suit was brought to restrain the sale. The defendants answered, denying plaintiffs' possession, and all knowledge of their possession of, or claim to, the land prior to the recording of the deed. The plaintiffs had judgment upon the pleadings, and the defendants appealed.

CAL. REPS. XLV—21

*Wells*, for Appellants, argued that the effect of the attachment was to create a lien upon the premises, which, being subsequently perfected by a judgment and sale, constitutes the defendants bona fide purchasers, and entitles them to protection as such, and cited Practice Act, Secs. 125, 217; 11 Cal. 238; 5 Conn. 544; 11 Pick. 341; 19 Pick. 39; 5 Me. 453; 29 Me. 29; 5 Me. 369; 12 Me. 48; 22 Me. 312; 29 Cal. 374; 16 Pick. 265; 14 N. H. 510; 10 Met. 320; 7 How. U. S. 612.

*Pressley*, for Respondents.

At common law the recordation of a deed was not necessary, nor did recording impart notice. Upon the due execution of the conveyance, accompanied by all legal formalities, the title passed out of the grantor and vested in the grantee as against all the world. No act subsequently done by the vendor, or any other person, could affect the title of the vendee. (4 Cal. 173.) There is nothing in the statutes of this State which gives a *creditor* greater rights in this respect than he would have at the common law. An attachment operates only in the interest of the debtor in the property at the time of the levy. (Practice Act, Sec. 124.) In this case Vest had no interest in the property at the time of defendants' levy. In order to divest the vendor of his title it is not essential that the deed be recorded. (Hittell's Digest, Sec. 666; 32 Barb. 611; 4 Paige, 15; 3 Kernan, 190; 38 Penn. State R. 385.)

By the COURT:

The fact being conceded that at the time the defendant sued out his writ of attachment against Vest the latter had already conveyed the premises to the plaintiffs, by delivering to them a deed of conveyance thereof, it follows that the

levy of the attachment was ineffectual as against the plaintiffs.

The fact that the deed of conveyance had not been recorded is immaterial, nor would it be worth while to inquire if the attaching creditor had actual notice of the existence of the unrecorded deed, or such information as would put him upon inquiry as to its existence.

·The Registry Act does not make an unrecorded deed void as against subsequent attaching creditors, but only against subsequent purchasers, or mortgagees, for a valuable consideration, and without notice of the prior unrecorded conveyance.

Judgment affirmed.