[No. 5361.]

GEORGE F. LE CLERT *v.* E. OULLAHAN AND JOHN RODGERS, SHERIFF OF STANISLAUS COUNTY.

UNRECORDED CONVEYANCE. — A conveyance of land made before the levy of an attachment on it, in a suit against the grantor, will prevail over the at- tachment, in the absence of fraud in the conveyance.

FINDING OF FACTS.—The Court must find on all the issues when the case is, tried without a jury, and findings are made.

APPEAL from the District Court, Fifth Judicial District, County of Stanislaus.

One Stryker settled upon and pre-empted a tract of land in Stanislaus County, and, on the 19th of May, 1875, made the necessary proofs and paid for it, and received a certificate of purchase. On the 4th of September, 1875, Stryker conveyed the land to the plaintiff, and gave him the certificate of sale. The conveyance was not recorded, and on the 8th day of September, 1875, defendant Oullahan, who was a creditor of Stryker, sued him on a promissory note and attached the land.

Oullahan afterward obtained judgment and placed an execution in the hands of the Sheriff, defendant Rodgers, who advertised the land for sale. This action was commenced to enjoin the Sheriff from making the sale, on the ground that it would cast a cloud on the plaintiff's title. The Court made findings of fact, and gave judgment for the defendants, and the plaintiff appealed. The other facts are stated in the opinion.

*Schell & Scrivner*, for the Appellants.

An unrecorded deed is good between the parties, and as to all the world but subsequent purchasers in good faith. (*Hastings* v. *Vaughn*, 5 Cal. 315; *Ricks* v. *Reed*, 19 Cal. 577.) It is also good as against an attaching creditor. (*Plant* v. *Smythe*, 45 Cal. 161; *Rose* v. *Munie*, 4 Cal. 174.)

*Terry, McKinne & Terry*, for the Respondents.

By the COURT:

The writ of attachment in the case of *Oullahan* v. *Stryker* was levied September 8th, 1875. On the 4th of September, 1875, Stryker had conveyed the premises to Le Clert, the plaintiff, and on the next day had assigned to him the certificate of purchase. Neither the deed nor the certificate and its assignment had been recorded at the time the attachment was levied; but, though not recorded, they would, in the absence of fraud, prevail against the writ of attachment levied subsequently to

their delivery.    But the answer sets up that the transfer to the plaintiff was made without consideration, "and with intent to hinder and delay and defraud E. Oullahan, one of these defendants, who was and is a creditor of said Stryker." Upon the issue of fraud in fact thus tendered by the answer the findings are entirely silent.

This cause is, therefore, not in a condition to be decided; and it is remanded to the Court below, with directions to determine the issue of fraud made by the answer, upon the evidence already before it, and such other proper evidence as may be offered upon either side.    Costs to abide the event.    Remittitur forthwith.

JULY TERM, 1877.