[No. 5543.]

## JOHN TUOHY *v.* C. R. WINGFIELD.

ATTACHABLE INTEREST OF LESSEE IN LEASED PROPERTY. — A contract by which A lets B have a flock of sheep which he owns, and of which he is to retain the ownership, to keep for three years, and by which B is to deliver to A the wool sheared from the sheep, and A is to sell it and pay B one-half the proceeds, and by which B is to deliver to A, at the end of the term, the sheep, and A is then to divide with B the increase, giving B one-half the increase as compensation for his services, does not give B such an interest in the sheep or increase as will support a seizure of them under an attachment against the property of B. The interest of B in the sheep must be reached by his creditors under a different proceeding.

APPEAL from the District Court, Thirteenth Judicial District, County of Tulare.

Tuohy owned a flock of 1,583 sheep, and on the 8th day of December, 1873, entered into a contract with Deering by which D. was to take charge of the sheep, and provide them with pasture, and pay taxes on them, and shear them, for the period of two years. When the sheep were sheared, the wool was to be delivered to Tuohy, who was to sell it and pay Deering one-half of the proceeds—part pay for his services. At the end of the term, the sheep were to be delivered to Tuohy, who, as further compensation for Deering's services, was to divide the increase

equally with him. There was this clause in the contract, "And that at the expiration of this contract he will deliver to John Tuohy, at his ranch on Lewis Creek, the aforesaid sheep, together with their increase, and the wool from said sheep and their increase shall be the property of John Tuohy." On the 8th day of October, 1875, Goldstein, Collins, and Reinstein, creditors of Deering, sued him, and procured a writ of attachment which was placed in the hands of the defendant, who was Sheriff of Tulare County, and by virtue of the writ the defendant levied on and took into his possession the entire flock of sheep—increase and all. Tuohy then commenced this action for the recovery of the possession of the sheep, or, if delivery could not be had, of their value. The Coroner took the sheep from the Sheriff, and they were delivered to Tuohy. The Court gave judgment that Tuohy return to the Sheriff one-half the increase, which was one thousand one hundred and ninety-eight sheep, or pay their value. The plaintiff appealed from the judgment, and from an order denying a new trial.

*Brown & Daggett*, for the Appellant.

The contract between the plaintiff and W. P. Deering did not divest the plaintiff of his title to the sheep and their increase. It was an employment by plaintiff of Deering to take care of his (plaintiff's) property for reward. (Civil Code, sec. 1965.)

The contract was for the personal services of Deering, and if he permitted the sheep to be taken from him, or abandoned them during the term, or delivered them to a stranger without the consent of plaintiff, the latter had the right to resume possession of his property in order to preserve it. (*Robinson* v. *Hass*, 40 Cal. 474; Story on Bailments, sec. 394; 2 Blackst. Com. 396; *Bradley* v. *Arnold*, 16 Vt. 382.)

Deering had no title to the sheep subject to seizure under attachment against him, for two reasons: 1st. The contract was an entirety, and performance on the part of Deering was a condition precedent to his right to anything under the contract. (Civil Code, sec. 1436.)

Deering was to take care of the sheep for two years from November 1st, 1873, and was to receive his pay at the end of the term. Before any party to a contract can require another party to perform any act under it, he must fulfill all conditions precedent thereto, imposed upon himself. (Civil Code, sec. 1439; 2 Parsons on Contracts, 5th ed. p. 520; *Dermott* v. *Jones*, 2 Wall. U. S. 1; *Oakley* v. *Morton*, 11 N. Y. 25.)

*Jarboe & Harrison*, for the Respondent.

By the terms of the agreement between the plaintiff and Deering, they were tenants in common in the increase of the sheep. (*Walker* v. *Fitts*, 24 Pick. 191: *Reed* v. *Howard*, 2 Metc. 36; *Bernal* v. *Hovious*, 17 Cal. 541.)

Deering, therefore, had an interest in the sheep subject to attachment. (Drake on Attachment, sec. 248.)

By the Court:

By the contract between Tuohy and Deering, the former was owner of both the sheep and wool in controversy. Its language upon this point is as follows:   *   *   *   " And that said sheep and their increase, and the wool from said sheep and their increase, shall be the property of John Tuohy."

The compensation to Deering, as provided by the contract, was to be one-half of the net proceeds, which Tuohy should receive upon sale by him of the wool, and a portion of the increase of the sheep, to be set off to him by Tuohy, after the latter had resumed possession as owner, and had selected from the increase a sufficient number to make up deficiencies in the original flock.

The contract would seem to have been carefully drawn, so as to constitute Tuohy the owner of all the sheep and wool, and we think that Deering has no such interest in either as would support an actual seizure under the attachment against Deering set up in the answer. The interest of the latter, if any, must be reached by his attaching creditors under a different procedure.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.   Remittitur forthwith.