[No. 6,637.—In Bank.]

ELIZ. FISH ET AL. *v.* GEO. FOWLIE ET AL.

58  373
137  356

LAND—DEFINITION—EXECUTION—ATTACHMENT.—The term "land" embraces all titles, legal or equitable, perfect or imperfect, including such rights as lie in contract—those which are executory as well as those which are executed. Any interest, therefore, in land, legal or equitable, is subject to attachment or execution.

ID.—ID.—ID.—ID.—MORTGAGE.—F. holding a contract to purchase land from G., his interest was sold under execution and purchased by the intervenor, who, after receiving his deed, in due time tendered the balance of the purchase money to G. and demanded a deed. G. refused to receive the money or to make the deed, and in execution of his contract conveyed the land to the wife of F. and to E. F., the wife of one of the

plaintiffs—to whom also a tender of the money and a demand for a deed was made by the intervenor. Afterward E. F. conveyed to F. and his wife, and they executed a mortgage to the plaintiffs to secure the consideration for the conveyance.

*Held,* In an action for foreclosure, that the intervenor, upon paying into Court—to be applied to the payment of the mortgage debt—the amount of the principal and interest due to the defendants for the purchase money paid under the contract of sale, was entitled to a cancellation of the mortgage.

APPEAL from a judgment and from an order denying a new trial, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

*Robert Ash,* for Appellant.

Fowlie never carried out his contract, and never obtained any deed or possession of the land. He was never the owner of any interest in the land.

*James McCabe,* for Respondent.

The COURT:

The opinion heretofore filed in this case by Department One, will stand as the opinion of the Court in Bank.

The following is the opinion rendered in Department One:

McKEE, J.:

This case arises out of an action brought by the plaintiffs to foreclose a mortgage upon the land in controversy, given by the defendants to secure payment of a promissory note due by them to the plaintiffs.

After the filing of an answer, the defendants took no further part in the proceedings of the case. But before the trial, one Seculovich, claiming the mortgaged premises adversely to both plaintiffs and defendants, intervened in the action, and in his complaint of intervention alleged that he was the owner of the land at the date of the execution of the mortgage; that the mortgagors had *then* no title or interest in it; that the mortgage was fraudulent and void, and created no lien upon the land which was foreclosable, and he asked that it be canceled and annulled as a cloud upon his title. All the alllegations of the intervenor's complaint were denied

by the plaintiffs in the action. Upon a trial of the issues made between the plaintiffs and the intervenor, the Court below gave judgment in favor of the latter, and from the judgment and order denying a new trial, comes this appeal.

The mortgage was executed and recorded on the 13th of December, 1876. At that date, the intervenor claims that he was the owner of the land, by a compulsory sale and Sheriff's deed, under a levy made upon the land by an execution issued upon a judgment against the defendant, George Fowlie. The judgment was rendered on the 24th of January, 1876. Execution was issued thereon and levied January 27th, 1876; and the Sheriff's sale, under the levy, at which the intervenor purchased the land, was made on the 25th of February, 1876. No redemption having been made, the Sheriff, on the 1st day of September, 1876, conveyed the premises by deed to the intervenor.

The levy was, "upon all the right, title, and interest which George Fowlie had in and to the land on the 27th of January, 1876, and thereafter."

The words "real property" are co-extensive with lands, tenements, and hereditaments. (Subd. 5, § 14, Civ. Code.)  Land also embraces all titles, legal or equitable, perfect or imperfect (*Leese* v. *Clark*, 20 Cal. 387), including such rights as lie in contract—those which are executory as well as those which are executed. (*Soulard* v. *United States*, 4 Pet. 511.) Any interest, therefore, in land, legal or equitable, is subject to attachment or execution, levy, and sale. (Code Civ. Proc., § 688; *Kennedy* v. *Nunan*, 52 Cal. 330; *Le Roy* v. *Dunkerly*, 54 id. 460.) As a purchaser at the Sheriff's sale, the intervenor, therefore, became substituted to, and acquired all the right, title, interest, and claim, which the judgment debtor, George Fowlie, had in the land on the 27th of January, 1876—the date of the levy (Code Civ. Proc., § 700), and he was the owner of that interest when the defendants mortgaged the land to the plaintiffs.

But it is claimed that Fowlie had no interest at the time of the levy and sale, which passed by the Sheriff's sale and deed to the intervenor. Fowlie had not the legal title to the land. He had nothing more than an interest derivable under a contract of sale made on the 15th of June, 1875, between

himself and one W. J. Gunn, who was the legal owner. By
that contract Gunn contracted to convey the land to "Fowlie,
his heirs or assigns," upon payment of a balance of unpaid
purchase money "on or before the 15th of September, 1876."
No personal obligation was given by Fowlie for the payment
of the purchase money; and it does not appear that Fowlie
obtained possession under the contract, or that he was in pos-
session at the time of the levy or sale. Yet he had agreed to
purchase the property, and had paid part of the purchase
money, and covenanted to pay the balance at a stipulated
time; and he thus became vested with such an equitable in-
terest in the land as was the subject of sale or transfer by
himself; or of appropriation by execution, or in any other
mode prescribed by law, by his creditors. This interest being
vendible by the judgment debtor, and leviable by his attach-
ment or judgment creditors, was all that passed by the sale
and deed under the judgment against him to the intervenor.
As owner of the interest thus acquired the intervenor of-
fered to pay Gunn the unpaid balance of the purchase money
due upon the contract, and demanded from him a deed of the
land. Gunn, however, refused to receive the money or to
make the deed; but on September 12th, 1876, in execution of
his contract, conveyed the land to Elizabeth Fish and Maggie
Fowlie—the one being the wife of one of the plaintiffs, and
the other the wife of George Fowlie, and one of the defend-
ants in this action. Tender of the money and a demand for
the deed were also made to them by the intervenor, but both
the money and the deed were refused; and afterwards, on
December 13th, 1876, the land was conveyed by Mrs. Fish
and her husband to the defendants, who, on the same day,
mortgaged it to the plaintiffs as security for a debt which
they owed.

Upon the tender of the money to Gunn, the intervenor, as
the successor in interest of Fowlie under the contract of sale,
became entitled to a conveyance of the land, and it was the
duty of Gunn to execute and deliver to him a deed upon de-
mand made for it. The refusal of Gunn to perform that duty
did not impair the intervenor's right nor relieve Gunn or his
grantees from the obligation to convey. That obligation
passed with the land to the holders of the legal title, and they

held it as trustees for the intervenor. When, therefore, the defendants received the legal title by the deed from their grantors, and the plaintiffs acquired their mortgage, they took with notice of the equitable right of the intervenor, because his title was of record, and they knew that it entitled him to a conveyance, and that as trustees of the legal title they were bound to convey it to him upon payment of the purchase money. As owner of such an equity, the intervenor was therefore entitled to a deed from the defendants, and a cancellation of the mortgage upon offering to pay the money due according to the terms of the contract of sale.

But by the complaint of intervention no such offer was made to the defendants or the plaintiffs in the action to foreclose the mortgage. The intervenor in his complaint takes the ground that he was the absolute owner in fee of the land; that the mortgagors had no mortgageable interest in it, and that the mortgage was a fraud and a cloud upon his title. But at the time of the execution of the mortgage he was *not* the owner in fee; the defendants were holders of the legal title, and in their hands the title was the subject of mortgage or sale. The mortgage to the plaintiffs was, therefore, a valid and operative lien upon the land to the extent of the interest in it which the mortgagors acquired by their conveyances from Gunn, and the plaintiffs have a right to foreclose the mortgage as against the interest of the mortgagors, subject, however, to the right of the intervenor on payment of the balance due upon the contract of purchase, to a conveyance of the legal title freed of the lien of the mortgage. Intervenor alleges that the money which was tendered to Gunn has, ever since the date of the tender, " been kept and held by him in readiness to be paid to Gunn, or Fowlie, or to the one entitled thereto, interest as well as principal, and that he is now ready to pay the same to said Gunn or said Fowlie, or to whom the Court may direct."

Upon the case as presented to the lower Court upon the pleadings and evidence, we think the Court erred in canceling the plaintiffs' mortgage. It should have ascertained the amount of the principal and interest due to the defendants for the purchase money paid under the contract of sale, and ordered the intervenor to pay the amount into Court, imme-

diately or at a time fixed for that purpose, to be applied to the payment of the mortgage debt; and that, upon such payment being made, the mortgage be annulled and canceled, and the plaintiffs entitled to a money judgment against the defendants for any balance remaining due upon the mortgage debt. But in case the money was not paid within the time fixed by the order, that the plaintiffs be entitled to the usual decree of foreclosure against the defendants and the intervenor.

Judgment and order reversed, and cause remanded for a new trial according to the views expressed in this opinion.

Ross, J., and McKINSTRY, J., concurred.