[No. 7,728.—In Bank.]

## JOSEFA A. DE CELIS et al. *v.* T. C. PORTER.

Attachment—Execution Sale—Trustee—Resulting and Constructive Trust—Purchase by Administrator—Notice.—C., an administrator, made a contract in writing to sell certain land of the estate of his intestate, by the terms of which the purchaser was to reconvey to him, personally, part of the land sold (being the land in controversy); and, the contract having been consummated by a judicial sale, under an order of the Probate Court, the purchaser, after receiving his deed from C., as administrator, reconveyed to him personally the land in controversy. Afterwards, in an action against C., an attachment was levied upon the land conveyed to him; and, judgment having been duly entered, the land was sold under execution, and the defendant became the purchaser; but in the mean time—intermediate the attachment and the judgment—C. conveyed to the plaintiffs, who were co-heirs with him of the deceased, an undivided fifteen-sixteenths of the land, being the proportion corresponding to them as heirs. In an action by them to quiet title to the fifteen sixteenths of the land conveyed to them, the Court found the above facts, and that defendant purchased with notice of the plaintiffs' rights.

*Held:* C. took the legal title of the land conveyed to him (to the extent of an undivided fifteen-sixteenths), in trust for the plaintiffs; and the attachment and execution sale were of his interest only, and did not affect the rights of the plaintiffs.

Appeal from a judgment for the plaintiffs and from an order denying a new trial, in the Superior Court of Los Angeles County. Howard, J.

Action to quiet title to an undivided thirteen-fourteenths of the land described in the complaint. The material facts of the case as found by the Court will appear from the following schedules of title:

RESPONDENTS' TITLE.

1. The title of the estate of Eulogio F. de Celis, deceased, to the north half of the Rancho Ex-Mission of San Fernando, including the land in controversy—admitted.

2. Eulogio F. de Celis, Administrator of Eulogio de Celis, deceased, with C. Maclay. Agreement dated April 10, 1874.

By this agreement Eulogio F. de Celis, as administrator of his father's estate, agrees to sell and convey to C. Maclay the portion of the ranch belonging to the estate, and the latter, besides agreeing to pay the purchase money specified, agrees to reconvey to Eulogio a portion of said rancho known as Section 33, township 3 N., range 15 W., S. B. meridian (including the land in controversy).

3. E. F. de Celis, Administrator, etc., to C. Maclay. Deed dated August 31, 1874. Recorded Book 31, p. 119.

This deed, made under an order of the Probate Court, and in pursuance of the contract of April 10, 1874, purports to convey to the grantee the interest of the estate in the said rancho.

4. C. Maclay to George K. Porter. Deed dated September 12, 1874. Recorded Book 31, p. 124.

George K. Porter to C. Maclay. Deed dated September 14, 1874. Recorded Book 31, p. 118.

The first of these deeds conveys to Porter all of Maclay's interest in the rancho, and the latter reconveys to Maclay an undivided one quarter thereof.

5. George K. Porter and C. Maclay to E. F. de Celis. Agreement dated September 10, 1874, modifying the agreement of April 10, 1874.

The original agreement of April 10, 1874, is for the conveyance of the whole of section 33. This agreement is for the conveyance of said section, excepting certain springs and the land adjoining, etc., to be afterwards surveyed.

6. Jose Miguel de Celis and Eulogio F. de Celis to George K. Porter. Deed dated September 8, 1874.

Pastor de Celis to George K. Porter.  Deed dated September 24, 1874.

Fernando de Celis to Maclay and Porter.  Deed dated January 22, 1876.

Porter and Maclay, plaintiffs, *v.* Josefa A. de Celis, Pedro de Celis, and Consuelo de Celis.  Action to quiet title.  Judgment dated September 2, 1876.

These deeds were executed and the above action instituted for the purpose of perfecting the title conveyed to Maclay under the contract of April 10, 1874.

7. George K. Porter and C. Maclay to E. F. de Celis.  Deed dated June 12, 1876, and recorded July 27, 1876, in Book 47, p. 585.

This deed was made in pursuance of the contracts of April 10, 1874, and September 10, 1874, and conveys to Eulogio the land in controversy (being all of section 33, except a small portion containing the springs, etc.)  The Court finds that Eulogio took under this deed in trust for the estate and heirs of Eulogio de Celis, deceased.

8. Eulogio F. de Celis to Josefa A. de Celis et al. (the plaintiffs).  Deed dated January 2, 1877.  Recorded in Book 49, p. 570.

This deed conveys to the plaintiffs an undivided thirteen-fourteenths of the land in controversy, " that being (as found by the Court) the proportion coming to them" as heirs of Eulogio de Celis, deceased, and the Court finds that the deed was made in execution of the trust in favor of the plaintiffs. The deed refers to this land as belonging to the estate.

9. In the Matter of the Estate of Eulogio de Celis, deceased.  Decree of distribution in the Probate Court of Los Angeles County, of date January 9, 1877, allotting to the plaintiffs thirteen fourteenths, and to Eulogio one fourteenth of the land in question.

### DEFENDANT'S TITLE.

The defendant deraigned title under an execution sale to one Hayes, of date June 25, 1877, upon a judgment in favor of William R. Rowland *v.* Eulogio F. de Celis, of date April 21, 1877, an assignment to himself by Hayes, and a sheriff's deed executed in pursuance thereof.  An attachment was

issued and levied upon the interest of Eulogio in the land in controversy on the twenty-sixth day of December, 1876.

The Court found that both Hayes and the defendant had notice of the facts constituting the plaintiff's title.

*Graves & Chapman,* for Appellant.

While a mere attachment or judgment lien is not protected by the recording laws, a purchaser at a judicial sale is protected in like manner as a purchaser from the party himself. (Freeman on Judgments, § 366; *Evans* v. *McGlasson,* 18 Ia. 150; *Orth* v. *Jennings,* 8 Blackf. (Ind.) 420; *Runyan* v. *McClellan,* 24 Ind. 165; *Pixley* v. *Huggins,* 15 Cal. 133; *Dodge* v. *Walley,* 22 id. 224; *McDonald* v. *Badger,* 23 id. 399; *Blood* v. *Light,* 38 id. 653.)

Our deed relates back to the attachment lien. (*Porter* v. *Pico,* 6 P. C. L. J. 17.) It therefore overreaches the deed of January 2, 1877.

Now, to overcome this right in us, plaintiffs, we say, must maintain these three propositions: 1. That they had an equitable interest at the date of the levy of the writ; and 2. That Hayes had notice at the time of the sale; and 3. That defendant had notice at the time of the assignment to him.

But it is claimed by counsel for the plaintiffs that if the equitable interest existed at the time of the levy of our attachment, notice to us is of no consequence. The argument is that our attachment was no lien on their equity, and before the sale the legal title had been conveyed to them; that therefore at the time of the sale E. F. had nothing to sell, and some countenance to this doctrine is supposed to be found in *Hoag* v. *Howard,* 55 Cal. 564.

But that case is no authority for any such proposition as is contended for here, viz., that notice to the purchaser is of no consequence. Without such notice the purchaser is protected. (*Emmons* v. *Moore et al.,* 85 Ill. 306; Civil Code, § 856.)

Nobody pretends that we would not have a good title if there was not an implied or resulting trust in favor of these plaintiffs. But the statute is, "No implied or resulting trust can prejudice the rights of a purchaser * * * of real

property for value and without notice." Hayes was a purchaser for value, and so was Porter.

But it is claimed our deed does not relate back to the attachment, because our writ of execution directed the sale of all the interest E. F. had at the time the judgment was docketed, and the deed recites a sale of that title, and purports to convey all the interest that E. F. had at that time. We answer, 1. The statute prescribes the form of executions on money judgments. (C. C. P., § 682, subd. 1.) And we were not entitled to any other, and if the sale does not relate back to the attachment, then the statute has provided an attachment lien and denied any means of enforcing it. 2. The point was decided in *Porter* v. *Pico*, 55 Cal. 165. The question there arose under this very deed and these very attachment proceedings. Besides it was settled before. (*Bagley* v. *Ward*, 37 id. 121.)

The Court could not direct the defendant to execute a conveyance. Having decreed that he had no title, there was nothing to convey. (*Brannan* v. *Patey*, 58 Cal. 330.)

*Glassell, Smith & Smith*, for Respondents.

The sole consideration of the conveyance of June 12, 1876, to Eulogio F. de Celis by Maclay and Porter, was the sale and conveyance of the property of the estate of Eulogio de Celis, deceased. There was, therefore, a resulting trust in favor of the heirs of said deceased. (C. C., § 853, and cases cited in the annotated edition; 2 Story's Eq. Jur., §§ 1196–1211.)

There was also a constructive trust in their favor. For, undoubtedly, the agreement of Eulogio with Maclay for a reconveyance back to himself of property of the estate sold by him as administrator, and the subsequent conveyance to him, were in fraud of the rights of the estate and of the heirs. (C. C. P., § 1576; C. C., § 2224; *Guerrero* v. *Ballerino*, 48 Cal. 118; *O'Conner* v. *Flynn*, 57 id. 293; *Tracy* v. *Colby*, 55 id. 67; *Tracy* v. *Craig*, id. 91; *Michoud* v. *Girod*, 4 How. 553.)

Therefore, by the deed to Eulogio from Maclay & Porter, the plaintiffs acquired the equitable and beneficial ownership of the undivided thirteen fourteenths of Section 33, in controversy, and in equity (and therefore in this case) are to be

regarded as the true owners. (Hill on Trustees, 316, 444, 278, 393; 2 Spence's Eq. Jur. 3; 1 Perry on Trusts, § 227.

The attachment in the Rowland case bound only the interest of the debtor (Eulogio). (*Hoag* v. *Howard*, 55 Cal. 564; *Purdy* v. *Irwin*, 18 id. 350; *Plant* v. *Smythe*, 45 id. 162; *Wilcoxson* v. *Miller*, 49 id. 195; Hill on Trustees, 209, 379; *Ellis* v. *Tousley*, 1 Paige, 283–4; *Lownsbury* v. *Purdy*, 11 Barb. 494; *Averill* v. *Loucks*, 6 id. 26, 27; *Arnold* v. *Patrick*, 6 Paige, 315; *Hurst* v. *Hurst*, 2 Wash. C. C. 78; 1 Perry on Trusts, §§ 15, 346; Hill on Trustees, 269, 379, cited *supra;* 2 Story's Eq. Jur., § 1503 b, and note 1, p. 999; *Pixley* v. *Huggins*, 15 Cal. 131, 132; *Hunter* v. *Martin*, 12 id. 377; *Finch* v. *Earl of Winchelsea*, 1 P. Wms. 278; *Ledyard* v. *Butler*, 9 Paige, 132.)

After, as well as before the attachment, therefore, the plaintiffs could have compelled a conveyance to them from Eulogio (Hill on Trustees, 539, 787); and Eulogio, in conveying to them, simply performed a duty which the law imposed upon him. The conveyance was, therefore, not in contravention of the attachment, nor an unlawful act.

Eulogio having conveyed to the plaintiffs (in execution of the trust), they became vested with the legal as well as the equitable title, and their deed being duly recorded, there is no principle of the law by which their title could be divested without their consent.

Where the owner's deed is recorded before the judgment sale, though after the accruing of an attachment or judgment lien, no right can be acquired by a purchaser, either with or without notice. The only exception known to the law is that provided for in C. C., § 1214. But our case does not come within this exception. For our deed was first recorded; and we are not seeking to assert an equity against the defendant on an unrecorded deed, but a legal title resting upon a deed recorded long before he purchased. (1 Perry on Trusts, 220–223.)

The defendant, therefore, whether he purchased with or without notice, acquired no interest, except that of Eulogio, to wit, an undivided one fourteenth.

The doctrine of relation has no application. It is a principle as old as Coke, that "relation is a fiction of law," and that "in destruction of a lawful estate vested, the law will never make any fiction." (*Butler & Baker's Case*, 3 Co. 28.) "*Re-*

*latio est fictio juris*," according to the resolution in *Menvill's Case* (13 Co. 19), and is upheld to advance a right, not to advance a wrong, or to defeat collateral acts which are lawful, and especially if they concern strangers. "The limitation of the fiction, so as to prevent it from doing injuries to strangers, or defeating mesne lawful acts, is the common language of the books." (*Jackson* v. *Davenport*, 20 Johns. 536, citing numerous cases; *Pratt* v. *Potter*, 21 Barb. 589.) In this case we come under all the exceptions.

We are strangers, not claiming under Eulogio, but by title superior and paramount to him, and prior to the attachment. The conveyance to us by Eulogio was (as we have shown) a "lawful act," and the estate was lawfully vested in us. Moreover, there must be something to which the relation can be had. (*Doe* v. *Howland*, 8 Cow. 285.) And this something, in this case, could only be the interest attached—that is to say, Eulogio's interest, which was alone bound by the attachment. (See cases cited *supra ;* see, also, *Shay* v. *Mc-Namara*, 54 Cal. 169.)

The COURT:

This case was heard and decided by Department Two, and the following opinion was filed therein :

"That E. F. de Celis held whatever of the legal title to the premises in controversy was conveyed to him by Porter and Maclay, in trust for the plaintiffs, is beyond question. The attachment and the execution sale were of his interest only. The rights of the plaintiffs were not thereby affected. 'Upon a sale of real property the purchaser is substituted to, and acquires all the right, title, interest, and claim of, the judgment debtor thereto.' (Sec. 709, C. C. P.)"

After a hearing in bank, we are satisfied with the judgment of the Department. The findings show that E. F. de Celis held the land in controversy in trust for the plaintiffs, and that the defendant, as well as Hayes, his assignor, had notice of that fact. We think that the evidence is sufficient to support the findings, and that, therefore, the plaintiffs were entitled to a judgment.

The judgment and order are affirmed.

Ross, J., being disqualified, did not participate in this decision.