224

[Civ. No. 9298. First Appellate District, Division Two.—April 24, 1934.]

COMPTON INVESTMENT COMPANY (a Corporation), Appellant, v. A. HART et al., Defendants; FRED BARMAN COMPANY (a Corporation) et al., Respondents.

Edward T. Sherer and Wendell P. Hubbard for Appellant.

Freston & Files, Ralph F. Bagley and Ralph E. Lewis for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against numerous defendants to collect a deficiency accruing to the plaintiff on the foreclosure of a deed of trust. The trial court sustained the demurrers of certain defend-

ants without leave to amend. From the judgment in favor of those defendants the plaintiff has appealed.

 A. Hart, as beneficiary, conveyed to the Bank of America, as trustee, lands in Los Angeles County. The lands included a large number of lots as shown by a certain map. At the same time Hart executed a note in favor of this plaintiff, Compton Investment Company. By the terms of the declaration of trust the lots were to be sold and the proceeds applied to the payment of the plaintiff's note. The beneficiary also undertook to pay such charges as interest, taxes and costs of improvement. Thereafter the beneficiary, A. Hart, assigned all of his interest under the declaration of trust to the Fred Barman Company. Later the Fred Barman Company assigned fractional interests to Alex Williams, Marguerite Brown, Fred Barman and Lester L. Robinson.

In the declaration of trust, among other provisions, are the following: "Third: The beneficiary hereunder hereby covenants and agrees to pay all indebtedness secured hereunder, all taxes and assessments now a lien upon or hereafter levied or assessed against said property including second instalment of taxes for the year 1928–29 before the same become delinquent and to pay for any and all costs of said work or improvements of any kind whatsoever made or done by him or procured by him to be done on said property and that he will not permit the cost of any improvement to become a lien thereon; and said beneficiary further covenants and agrees to pay when due all other claims, liens and encumbrances affecting the title to the property covered hereby, all costs, charges, interest, penalties on account thereof; . . . The terms, provisions and conditions hereof shall bind and inure to the benefit of the respective parties hereto, their heirs, executors, administrators, successors and assigns respectively . . . The undersigned named in the foregoing declaration of trust as beneficiary does hereby approve, ratify and affirm the same in all its parts and does hereby agree to be bound by all the terms thereof, and to do and perform all of the respective obligations therein provided to be paid, done or performed by him." In accepting the assignment to it the acceptance of Fred Barman Company was in words and figures as follows: "Fred Barman Company, a corporation, does

hereby accept the above assignment to it of said undivided entire interest in and to said declaration of trust No. 600–S–2003, and do also hereby agree to and do approve, ratify and confirm the said trust agreement in all particulars. Dated April 6, 1929.'' Excepting as to the names and fraction of interest each of the other assignments was accepted by a written acceptance identical with the above.

Having called attention to the foregoing provisions the plaintiff contends that each of the assignees assumed the burdens of their assignor and therefore they are responsible to the plaintiff. The defendants reply that the present action does not involve a trust deed, but does involve a subdivision trust which differs in form, effect and theory, and they cite and rely on *Ward* v. *Waterman,* 85 Cal. 488 [24 Pac. 930], *In re Walkerly,* 108 Cal. 627, 648 [41 Pac. 772, 49 Am. St. Rep. 97], *Marble Co.* v. *Merchants' Nat. Bank,* 15 Cal. App. 347 [115 Pac. 59], *Craven* v. *Dominguez Estate Co.,* 72 Cal. App. 713 [237 Pac. 821], and *Finnie* v. *Smith,* 83 Cal. App. 707 [257 Pac. 866]. No one of those cases involved the legal effect of documents such as were executed by the defendants in this action. The plaintiff cites and relies on *Weidner* v. *Zieglar,* 218 Cal. 345 [23 Pac. (2d) 515]. It is closely in point. The facts in many respects are nearly identical. We think the doctrine there stated is determinative of this case. It follows that the trial court erred in making the order sustaining the demurrers. Before closing it should be noted that the trial court rendered its decision July 13, 1931, and the Weidner case was not filed until June 20, 1933.

The judgment is reversed and the trial court is directed to overrule the demurrers and allow the defendants time to answer.

Nourse, P. J., and Spence, J., concurred.