No. 2,107.

LAWRENCE O'ROURKE, RESPONDENT, v. JAMES O'CONNOR et al.,
APPELLANTS.

DEED AS A MORTGAGE. — LIABILITY OF PROPERTY CONVEYED FOR DEBTS OF GRAN-
TEE. — O'R. conveyed certain premises to O. as security against liability on a
bail bond. The deed was duly recorded, but there was no evidence in writing
of the purpose for which it was executed. O'R., or his tenant, continued in the
possession of the premises. The bail was exonerated, and O. reconveyed the
land to O'R.; but before the last conveyance was recorded, O'C. attached the
property for a debt due him by C. Held, that the property was not liable for
C's debt to O'C, and a Court of equity will interpose by injunction to restrain
the execution of O'C's judgment.

NOTICE. — POSSESSION. — The possession of the owner, or his tenant, is sufficient
to put a person dealing with the property upon inquiry; and the law will charge
him with notice of all those facts which he might have ascertained by using
proper diligence.

JUDGMENT LIEN. — The holder of a lien acquired by judicial process, occupies
no better position than a purchaser with notice.

APPEAL from the District Court of the Fourth District,
City and County of San Francisco.

The facts are stated in the opinion.

*W. H. L. Barnes,* for Appellants.

The record-notice imparted to the lienholder would pro-
tect him.

Nor since the amendment of 1864 (Stats. 1863–4, p. 857),
does the lienholder, other than by way of mortgage, stand
in any different position from a mortgagee; although in
*McCabe* v. *Grey and Wife* (20 Cal. 509), it was held that
recording a conveyance is constructive notice to none, except
subsequent purchasers and mortgagees. The words "shall
impart notice to all persons of the contents thereof," in Sec-
tion 25, are controlled by the subsequent limitation to these
two classes.

The amendment of 1864 followed this decision, and im-
parts notice in *hæc verba* to lienholders. To them, as well
as to a purchaser for value from the apparent grantee, in a
conveyance absolute on its face and in due form, recorded
as such, the record is notice of the actual state of the title.

An attaching creditor is invariably treated as a lienholder,

(T.)

within the intent of the amendment to the Recording Act of 1864. (*Low* v. *Henry,* 9 Cal. 538; *Low* v. *Adams,* 6 *Id.* 297; *Tufts* v. *Manlove,* 14 *Id.* 47 ; *Blackman* v. *Pierce,* 23 *Id.* 508 ; *Conroy* v. *Woods,* 13 *Id.* 623 ; *Myers* v. *Mott,* 29 *Id.* 374.)

It may be urged that this is not a case of fraud. An examination of the record makes a case of strong suspicion. However meritorious the facts may be, the principle contended for successfully in the Court below is vicious, and offers a premium for criminal concealments, and hindering, delaying and defrauding conveyances of land, and has never met judicial favor. (*Scott* v. *Gallagher et al.* 14 S. & R. 333; *Harrison* v. *Trustees of Phillips' Academy,* 12 Mass. 464; *James* v. *Morey,* 2 Cow. 291 ; *Manufacturers' Bank* v. *Bank of Pennsylvania and United States Bank,* 7 W. & S. 335; *Semple* v. *Burd,* 7 S. & R. 289 ; *Coffin* v. *Ray,* 1 Met. 212 ; *Priest* v. *Rice,* 1 Pick. 164; *Friedley* v. *Hamilton,* 17 S. & R. 71 ; *Uhler* v. *Hutchinson,* 23 Penn. 110 ; *Newhall* v. *Burt,* 7 Pick. 159 ; *Mills* v. *Comstock,* 5 J. Ch. 219; *Jacques* v. *Weeks,* 7 Watts, 261 ; *Lestrade* v. *Barth,* 19 Cal. 676.)

*McAllisters & Bergin,* for Respondent.

*First*—The conveyance of O'Rourke to Cody was merely by way of mortgage, and upon the liability of the latter on the bail bond determining, he ceased to have any legal or equitable interest in the premises. (*Saulman* v. *Reese,* 34 Cal. 34.)

*Second*—Parties and privies alone are concluded by their writings. Strangers cannot be affected thereby, and therefore cannot take advantage thereof, as estoppels must be mutual. (*Franklin* v. *Dorland,* 28 Cal. 178 ; *Lee* v. *Adsit,* 37 N. Y. 94 ; *Satterlee* v. *Bliss,* Jan. Term, 1869.)

As to the persons bound by, and who can take advantage of estoppels *in pais,* see *Reynolds* v. *Loundsbury* (6 Hill, 536); *Strong* v. *Strickland* (32 Barb. 289) ; *Hardy* v. *Hunt* (11 Cal. 348) ; *Wilson* v. *Castro* (31 Cal. 439.)

*Third*—The possession of the tenant of O'Rourke was notice to appellants of the rights of respondents. The evidence on this point is clear and uncontradicted. (*Dutton* v.

*Warschauer,* 21 Cal. 628 ; *Landers* v. *Bolton,* 26 Cal. 419 ; *Fair* v. *Stevnot,* 29 Cal. 591 ; *Pell* v. *McElroy,* 36 Cal. 268.)

Had the appellant notice in fact of the true condition of things, there would be no foundation for pretense of any superior rights, and the present pretenses are no less unfounded in law or fact.

*Fourth*—The rule protecting *bona fide* purchasers without notice, only applies to such purchasers of the legal title. The purchaser at execution sale, under our system, is not the purchaser of the legal title ; he merely acquires a lien, with a contingent right to become clothed with the legal title, and therefore cannot bring himself within the rule on this ground. (*Reynolds* v. *Harris,* 14 Cal. 680 ; *Dupont* v. *Wertheimer,* 10 *Id.* 354 ; *Anthony* v. *Wessel,* 9 *Id.* 103 ; *Cummings* v. *Coe,* 10 *Id.* 531 ; *Smith* v. *Brannan,* 13 *Id.* 115.)

*Fifth*—Had there been a sale under execution of the premises to the appellant, O'Connor, he would not be a *bona fide* purchaser ; for a judgment creditor, purchasing at his own execution sale, cannot be such, as he advances *no new consideration.* (*Sargent* v. *Sturm,* 23 Cal. 361 ; *Everett* v. *Stone,* 3 Story Rep. 455 ; *Moyer* v. *Hinman,* 3 Kern, 183 ; *Siemsen* v. *Schurck,* 29 N. Y. 613 ; *Eldridge* v. *See Yup Co.,* 17 Cal. 56 ; *Arnold* v. *Patrick,* 6 Paige, 310 ; *Williams* v. *Hollingsworth,* 1 Strobh. Eq. 103 ; *Dickinson* v. *Tillinghast,* 4 Paige, 215 ; *Roman* v. *Adams,* 1 Sm. & M. Ch. 45 ; *Powell* v. *Jeffries,* 4 Scam. 387 ; *Freeman* v. *Hill,* 1 Dev. & Bab. Eq. 389 ; *Polk* v. *Gallant, Id.* 395.)

*Sixth*—There are, among others, not necessary to mention in this connection, three conditions upon which alone the remedy by attachment can be available according to the clear and unmistakable language of the Practice Act, viz : The property attached must be *the property* of the *defendant;* must not be exempt from execution, and must *be sold in the manner in which property is sold on execution.*

It is accordingly well settled that an execution against a trustee will not affect the property he holds in trust. (*Hart* v. *Burnett,* 15 Cal. 578 ; *Fulton* v. *Hanlow,* 20 Cal. 480 ; *Townsend* v. *Greely,* 5 Wall. U. S. 337 ; *Leslie* v. *Farmers' and Mechanics' Bank,* 32 Vt. ; *Carter* v. *Porter,* 55 Me. 345.)

*Seventh*—The Act of February 15, 1864 (Statutes 1863-4, p. 85), amendatory of the Act concerning conveyances, does not in terms purport to, or in legal effect operate to enlarge the rights of attaching creditors. As already observed, the rights of attaching creditors are determined exclusively by the provisions of the Practice Act. The Act concerning conveyances, and the amendment thereto, relate to voluntary liens. After, as before amendment, the statute must be construed altogether. Upon such construction it has always been held, notwithstanding the language of Section 25, that if a party were not a purchaser or mortgagee for value and without notice, he would not be within the protection of the statute, and upon the same principles and for the same reasons, since the amendment, the lienor must be one for value and in good faith to be embraced within its provisions. (*Galland* v. *Jackman*, 26 Cal. 86.)

Whatever rights the attaching creditor may acquire by his proceedings, they are strictly and in terms confined to the property of the judgment debtor.

In *Warren* v. *Ireland* (29 Me. 64), the Court, considering this question, say:

"The statute in force when the levy was made, ＊ ＊ ＊ provided that a creditor might levy his execution upon the debtor's real estate."

If the words "debtor's real estate" are to receive such a construction as to include an estate in which he had no beneficial interest, and the title to which he held in trust for another, the effect may be to enable a creditor to obtain payment, not from the estate of his debtor, but from the property of another person. (*Carter* v. *Porter*, 55 Me. 343; *Hart* v. *Farmers' and Mechanics' Bank*, 33 Vt. 252; *Hackett* v. *Callendar*, 32 Vt. 97.)

In the case at bar no sale had taken place, and the parties were not in a position to claim the protection due *bona fide* purchasers for value. (*Vide*, also, *Walling* v. *Miller*, 15 Cal. 39; *Fore* v. *Manlove*, 18 Cal. 436.)

RHODES, C. J., delivered the opinion of the Court:

The plaintiff executed to Cody a conveyance of the premises in controversy, for the purpose of securing him against liability on a bail bond, which he had executed as a surety for the plaintiff, who had been arrested on a criminal charge. The deed was recorded, but the purpose for which it was executed, was not evidenced by an instrument in writing. From the execution of the deed to the commencement of this action, the plaintiff or his tenant was in the actual possession of the premises. Defendant, O'Connor, commenced an action against Cody, caused the premises to be attached, and judgment having been rendered and execution issued thereon, the Sheriff was about to sell the premises as the property of Cody. The prosecution against the plaintiff was dismissed, his bail was exonerated, and Cody reconveyed the premises to the plaintiff, but the deed was not recorded until after the premises were attached. The sale under the execution was enjoined, and the defendants appeal from the judgment and the order denying a new trial.

Had Cody, previous to the attachment, conveyed the premises to a third person, who had notice that the deed of the plaintiff to Cody was intended as a mortgage, such person would have taken nothing by his conveyance. That is to say, he would have taken only the naked legal title, and could not have resisted the claim of the plaintiff to have the title reconveyed to him when the bail was exonerated ;

A person who has acquired a lien by virtue of judicial process, occupies *no better* position, than would the third person in the supposed case.

If, then, the actual possession of the premises by the plaintiff's tenant was sufficient to put a purchaser from Cody on inquiry as to the plaintiff's title or interest, the judgment is right. It is well settled in this State, that the possession of the tenant is notice of his landlord's title; that is to say, such possession is sufficient to put a person dealing with the property upon inquiry ; and the law will charge him with notice of all those facts which he might have

ascertained, had he pursued the inquiry with proper diligence. (*Dutton* v. *Warschauer*, 21 Cal. 628 ; *Pell* v. *McElroy*, 36 Cal. 268.) .

Judgment and order affirmed.