32  435
54  350

## PONDER VS. RHEA.

1. SHARE CROPPER: *Tenants in Common.*
    When one lets land for the purpose of having a single crop raised on it, of which the land-owner is to have part for the use of the land, and the cultivator a part for his labor, and there is no evidence that it was the intention of the parties that the relation of landlord and tenant should exist between them, the parties are tenants in common in the crop.

2. ——— :

A agreed to let land to B for the purpose of raising a crop on it, and to fur-
nish part of the team, and provender and supplies for making the crop,
which was to be the property of A; but after a certain portion of the crop
had been reserved for rent, and certain indebtedness due from B to
A was paid, B was to have what remained; held, that B had no interest
in the crop that he could sell or mortgage.

APPEAL from *Lawrence* Circuit Court.

Hon. WILLIAM BYERS, Circuit Judge.

*Henderson* for appellant.

HARRISON, J.:

In this action Ponder sued Rhea for trespass, in taking and
converting to his own use 4000 pounds of seed cotton and 200
bushels of corn.

The facts were these : The defendant let Johnson, in 1874,
have twenty acres of ground, in his plantation, to cultivate that
year, in corn and cotton, upon the following agreement :

The defendant was to provide part of the team, and feed for
the team, and to furnish Johnson with twenty bushels of corn,
and 200 or 300 pounds of bacon, and Johnson was to till the
land. The crop was to be the property of the defendant; but
after he had reserved ten bushels of corn for each acre planted
in corn, and one-fourth of the seed cotton, which was to be de-
livered at his gin, for the rent of the land, had been paid out of
it, for the supplies and $100 that Johnson owed him, Johnson
was to have what remained. The defendant furnished, in ac-
cordance with the agreement, part of the team, the feed, and the
supplies, and Johnson cultivated the land, and raised a crop of
cotton and corn, of which that in controversy was a part.

On the 21st of May, 1874, Johnson, to secure a debt to the
plaintiff, and to secure supplies from him, executed to him a
mortgage upon the crop, except so much as was due for rent,

Ponder vs. Rhea.

which was filed for record June 9th, 1874, and on the faith of it the plaintiff furnished him supplies.

About the month of August following, Johnson, to pay his indebtedness to the plaintiff, sold him the crop, and the plaintiff hired him to assist in picking the cotton when the cotton season arrived, and in October he relinquished his claim upon the cotton to the defendant, in satisfaction of his indebtedness to him.

The defendant, with notice of the sale to the plaintiff, gathered the crop, and refused to let him have any portion of it.

The crop, after the reservation for the rent for the use of the land, was not sufficient to pay the defendant.

The verdict and judgment were for the defendant. The plaintiff appealed.

Where one lets land for the purpose of having a single crop raised on it, of which the lessor is to have a part for the use of the land, and the cultivator a part for his labor, and there is no evidence that it was the intention that the relation of landlord and tenant should exist between them, the parties are to be considered as tenants in common in the crop. Cro. Eliz., 143; 1 Wash. Real Prop., 496-497; *Alwood* v. *Ruckman*, 21 Ill., 200; *Foote* v. *Colvin*, 3 John., 216; *Bradish* v. *Schenck*, 8 Ib., 151; *DeMott* v. *Hagerman*, 8 Conn., 220; *Adams* v. *McKesson*, 53 Penn. Stat., 81; *Leland* v. *Sprague*, 28 Vt., 746.

And although the share reserved to the owner of the land be called rent, "it is, after all," says Washburne, "but another mode of saying that the occupiers shall work the farm for so long, and divide the profits with the owner." 1 Wash. Real Prop., 26, *Putnam* v. *Wise*, 1 Hill, 234; *Chandler* v. *Thurston*, 10 Pick., 205.

The case of *Alexander* v. *Pardue*, 30 Ark., 359, is not in conflict with this doctrine. There the plaintiff—the land-owner—did not claim an interest, as tenant in common with the defendant,

in the crop, and a joint possession with him, but treated him as a tenant of the land, and set up under a parol agreement, a lien upon his share as in his exclusive possession, and for anything which appears to the contrary there may have been an express agreement against such tenancy in common.

But no such question arises in this case. The crop, by the express agreement of the parties, belonging to the defendant, and Johnson, who was only a cropper, had no interest in it he could either sell or mortgage. *Leland* v. *Sprague, supra.*

The judgment is affirmed.