## FARNUM v. HEFNER.*

### No. 12,351; January 25, 1888.

#### 16 Pac. 324.

**Landlord and Tenant—Sale of Leasehold—Rights of Purchaser.** A lessor sued defendant for a conversion of crops grown on a leasehold purchased by defendant under execution against the lessee. The lease provided that crops grown on the premises should be the lessor's

*For subsequent opinion in bank, see **79 Cal.** 575, 21 Pac. 955.

property until the lessee performed certain conditions. Held, that as the conditions had not been performed, the purchaser acquired no right to the crop, and the judgment-roll and execution were properly excluded from evidence, as immaterial and irrelevant.

APPEAL from Superior Court, Butte County; L. D. Freer, Judge.

Action by C. E. Farnum against Philip Hefner, to recover the value of certain wheat and hay. There was a trial by the court, and judgment was given for the plaintiff. The defendant appeals.

H. V. Reardan for appellant; Carter P. Pomeroy for respondent.

FOOTE, C.—This is an action to recover the value of certain wheat and hay claimed to be the property of Farnum, and alleged to have been converted to his own use by Hefner. The plaintiff recovered judgment for the value of the wheat. A motion for a new trial was made and denied, and from the order made in the premises an appeal has been taken. The facts of the case are that on October 15, 1884, the plaintiff was the owner of certain farming land in Butte county, and at that date made a written lease of the same to one D. L. Butler for a term of two years. On February 24, 1885, Hefner, the defendant herein, recovered a judgment against Butler in the superior court of Butte county for a considerable sum of money, and had execution duly issued and levied upon the leasehold interest held by Butler, which was afterward sold under that writ, and purchased by the defendant. Thereupon he entered into possession of the land which Butler had leased, and proceeded to harvest the crop of growing wheat thereon. After the grain was sacked, and the defendant in possession of the whole of it, he offered the plaintiff one-third of it, which, after at first refusing, he afterward received. The defendant kept the other two-thirds of the wheat, and converted it to his own use, and was sued for its value in this action.

It is claimed by the defendant that the court erred in refusing to admit in evidence the judgment-roll, execution, and return thereon, under which the defendant claimed title to

the leasehold interest of Butler, the judgment debtor. This point is not well taken, for the reason that the lease in express terms invested the legal ownership of the entire crop of wheat to be raised and grown upon the leased land in Farnum until the performance of certain stated conditions, and therefore, those conditions not having been complied with, when the defendant bought the leasehold interest of Butler he bought no right to convert the property which belonged to Farnum; and therefore the judgment-roll, execution, etc., were immaterial and irrelevant to the issues joined. Until the delivery of the whole of the crop of wheat to Farnum, and a transfer to Butler of his portion by Farnum, the latter was, according to the terms of the lease, the absolute owner of the wheat; and until those conditions had been fulfilled neither Butler, the lessee, nor Hefner, the claimant of the leasehold interest under the judicial sale, could have any legal claim to its possession. Farnum owned the wheat, as the conditions of the lease remained unperformed, and was entitled to recover for its conversion without reference to what interest, if any, passed to Hefner in the demised premises under the sheriff's sale: Howell v. Foster, 65 Cal. 169, 3 Pac. 647, and cases cited.

It becomes unnecessary to determine the other point made by the defendant, viz., that the court committed error in admitting in evidence a written forfeiture of the lease made and executed by Butler, between the time of the levy of the execution and the sale thereunder; for conceding without deciding, that the lease was in full force and effect, so far as Hefner's rights were concerned, at the time of the judicial sale. he acquired no right thereby to any of the wheat owned by Farnum, and therefore the admission in evidence of the forfeiture was immaterial, and could work no prejudice to the defendant.

The order appealed from should be affirmed.

We concur: Hayne, C.; Belcher, C. C.

By the COURT.—For the reasons given in the foregoing opinion the order is affirmed.