[Sac. No. 1064.  Department Two.—September 26, 1904.]

## JOHN TUOHY, Respondent, v. R. LINDER et al., Appellants.

CLAIM AND DELIVERY—HARVEST UNDER CROPPING CONTRACT—CROP MORT-
GAGED BY TENANT—RIGHT OF POSSESSION.—An action of claim and
delivery must be determined according to the right of possession;
and under a contract giving to a tenant three fourths of the
harvested crop and yielding one fourth to the owner of the land,
but allowing the owner of the land to retain the possession thereof
as security for any amount due from the tenant to such owner,
the owner, who has properly expended money in heading, caring for,
and stacking the grain, is entitled to the possession of the entire
harvested crop as against a mortgagee of the tenant's share of the
crop, who does not tender or pay to the owner the amount due him
from the tenant.

ID.—RIGHTS OF PARTIES.—The judgment in claim and delivery in favor
of the owner of the land cannot prejudice the rights of the mort-
gagee of the cropper in any future proceedings after the owner has
been paid all sums properly due to him from the cropper, who will
not be allowed to defeat the rights of his mortgagee by surrender-
ing the whole crop to the owner; nor will the owner be allowed to
retain any more than his own fourth of the crop and sufficient
of the remainder to pay the amount due him from the cropper.

ID.—FINDING OF OWNERSHIP.—A finding of ownership of the wheat in
favor of the owner of the land is not correct, except as to the
undivided fourth; but such finding is not necessary to support the
judgment, and will not be regarded as finally deciding the title as
against the mortgagee of the cropper.

APPEAL from a judgment of the Superior Court of Tulare
County and from an order denying a new trial.  W. B. Wal-
lace, Judge.

The facts are stated in the opinion.

G. W. Zartman, and C. L. Russell, for Appellants.

Bradley & Farnsworth, for Respondent.

COOPER, C.—This action was brought to recover eleven
hundred and ten sacks of wheat, or the value thereof in case
a delivery could not be had.  Judgment was entered for the

plaintiff upon the findings, and this appeal is from the judgment and order denying defendants' motion for a new trial.

The court found that on the twenty-sixth day of July, 1900, the plaintiff was the owner, in the possession and entitled to the possession, of the wheat unthreshed in stacks on plaintiff's land; that while plaintiff was so the owner and in possession, and entitled to the possession, the defendant Linder wrongfully, in the night-time, went upon the plaintiff's said lands, threshed the said wheat, put it in sacks, and removed it. These findings are supported by the evidence, and entitle plaintiff to judgment. The facts are in substance as follows: In September, 1899, the plaintiff, being the owner of section 13 and the south half of the northwest quarter of section 14, township 20 south, range 27 east, Mount Diablo base and meridian, entered into a contract with one Turner, under the terms of which Turner agreed to plow, seed, and harrow the said land, and to seed it with wheat for the cropping season of 1900, and, when matured, to cut, thresh, and clean the same, putting it in sacks in good merchantable condition. The contract provided that when Turner had so harvested the crop he would deliver to plaintiff at his warehouse one fourth thereof, and that Turner would take "on the ground when threshed, the remaining three fourths of the crop, as full pay for all services herein required of him. Thomas Turner also agrees to do all his work in a good farmer-like manner. In consideration of the foregoing services, John Tuohy agrees that when Thomas Turner has fully performed all of the services herein mentioned to be performed by him and, as full pay and compensation thereof, he will deliver to Thomas Turner the three fourths of the crop remaining on the ground when threshed."

The contract contained the added provision: "Should I be owing John Tuohy any amount at the time the three fourths of the crop is to be delivered to me, I hereby authorize him to retain sufficient wheat from the said three fourths to pay himself in full, which I bind myself to deliver to him in the warehouse at Lindsay before the remainder of the three fourths is moved from the ground where threshed. The value of the wheat so taken to be the best offer John Tuohy has for it at the time of delivery. THOMAS TURNER."

Before the crop had been harvested, on June 20, 1900,

Turner had been sued by defendant Linder, and he then notified plaintiff he would have nothing further to do with the crop, and for plaintiff to look out for the crop himself.

Plaintiff then took charge of the crop, and at his own expense had the same headed and stacked in the stacks where it was when removed by Linder. It is evident that under the contract the plaintiff was entitled as owner to the undivided one fourth of the crop, and he was also entitled to the possession of the remaining three fourths until he was paid all the amounts due and owing to him by Turner. The amount properly expended by plaintiff in heading, caring for, and stacking the grain is due him by Turner, and he is entitled to said amount and to retain possession of the wheat until he is paid. The three fourths less the amount so due to plaintiff is the property of Turner or those who have succeeded to his rights, but cannot be taken from the possession of plaintiff until he is paid the amounts due him by Turner.

In *Howell* v. *Foster,* 65 Cal. 169, it is said: "There is no doubt that where one man farms land of another under an agreement by which he is to give the owner a part of the crop raised for its use, he and the owner, in the absence of a stipulation providing otherwise, become tenants in common of the crops raised. But it is just as clear that the agreement between the parties may be so framed as to secure to the owner of the land the ownership of the product until the performance of a certain stated condition."

In *Farnham* v. *Hefner,* 79 Cal. 582,[1] the court said: "It is undoubtedly true, as contended, that the landlord and tenant may by agreement provide that all of the crops raised upon the land may be delivered to and remain the property of the landlord and be disposed of by him, and such agreement will protect the title of the landlord in the property as against an attaching creditor of the tenant."

The contract in this case clearly provides that Tuohy is to have possession of the wheat. Turner agreed that Tuohy should have such possession until Turner should deliver to the warehouse at Lindsay enough wheat to pay Tuohy in full the amount owing to him by Turner. The defendant Linder sets up by way of defense a crop mortgage executed by Turner in October, 1899, upon the crop to be grown upon the

---

[1] 12 Am. St. Rep. 174.

lands during the season of 1899-1900. This mortgage author-
ized Linder to enter upon the premises and take all necessary
measures to protect the said crop, and it provided that upon
the harvesting of the crop Linder should be entitled to the
immediate possession thereof. The crop mortgage was sub-
ject to all the rights of plaintiff under the contract. It could
only operate upon the right, title, and interest of Turner after
Tuohy had been paid all sums secured to him by the contract.
It could not, and did not, deprive the plaintiff of his right to
the possession, according to the contract.

Defendant does not seek in this action to foreclose his mort-
gage. It is not alleged nor found that defendant Linder ever
tendered to Tuohy the amount due him by Turner. In case
Linder shall tender or pay to plaintiff all sums due him by
Turner for seed-grain, heading, and expenses incurred under
the contract, then in a proper proceeding the rights of Linder
under his mortgage can be adjudicated. Here the sole ques-
tion is as to the right to the possession of the wheat at the time
of the commencement of the action.

The finding of the court that the plaintiff is the owner of
the wheat is not correct except as to the undivided one fourth.
Such finding, however, is not necessary to support the judg-
ment, and will not be regarded as finally deciding the title as
between plaintiff and Linder. The fact that plaintiff was in
possession and entitled to the possession at the time the wheat
was taken and at the time of the trial entitled him to judg-
ment. He is entitled to be placed in the position he was be-
fore the defendant entered in the night-time and removed the
wheat. The judgment is for the recovery of the wheat or
the value thereof in case a delivery cannot be had. This de-
cision is not to prejudice the rights of Linder in any future
proceedings as to the right, title, and interest of Turner, after
plaintiff has been paid all sums properly due him. Turner
will not be allowed to defeat the rights of Linder under his
mortgage by the surrender of the crop to Tuohy, nor will
Tuohy be allowed to retain any more than one fourth of the
crop due him under the contract and sufficient of the re-
mainder to pay him the amounts due him by Turner and for
expenses in harvesting and caring for the property. This is
fair to all parties. It does justice to Tuohy; it gives Linder
the rights to the balance equitably due Turner after satis-

fying Tuohy. Of course, we do not mean in this action to adjudicate the questions as to the foreclosure of the mortgage held by Linder, but suggest the rights of the parties for their future guidance.

We advise that the judgment and order be affirmed.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Henshaw, J., Lorigan, J.