[Civ. No. 622.   Second Appellate District.—July 21, 1909.]

# ZENDA MINING AND MILLING COMPANY, a Corporation, Respondent, v. W. W. TIFFIN, Appellant.

QUIETING TITLE—SALE UNDER JUDGMENT LIEN—COMPLETED CONVEYANCE PRIOR TO DOCKETING.—In an action to quiet title to mining property in which defendant claims under an execution sale thereof under a judgment lien, and plaintiff claims title under a completed conveyance thereto, prior to the docketing of the judgment, where the agreed facts show a prior deed thereof to the judgment debtor as grantee, which was not delivered to him personally, but merely constituted part of a chain of title, that he paid no part of the purchase money, but immediately conveyed the same to plaintiff's predecessors, who paid the whole purchase money, and conveyed the property to plaintiff, the judgment debtor had no interest to which the judgment lien could attach; and where the whole chain of title was recorded prior to the execution sale, judgment was properly rendered quieting plaintiff's title.

ID.—DEEDS IN ESCROW—PAYMENT OF PRICE BY GRANTEES.—The fact that the deeds executed as part of the prior transaction were placed in escrow, subject merely to the payment of the purchase money by the grantees of the judgment debtor, who had parted with all title and control over the property on which he had paid nothing, and upon such payment, which was fully made, the deeds were to be delivered to the grantees, in whom it was intended to vest the whole title, does not indicate any ownership in the debtor by reason of the escrow.

ID.—NAKED LEGAL TITLE—PRIOR EQUITABLE TITLE—JUDGMENT LIEN NOT EFFECTIVE IN EQUITY.—If it be assumed that by virtue of the escrow there was an apparent legal title in the original grantee, it was a naked legal title, and even if it did not vest in his grantees prior to the docketing of the judgment, yet there being prior thereto a full equitable title in them by reason of full payment of the purchase money, the judgment lien cannot be effective as against them in an equitable action to quiet title.

ID.—LAND PURCHASED IN NAME OF ANOTHER—TRUST.—Where land is purchased in the name of one person, and the consideration is paid by another, the land will be held by the grantee in trust for the person furnishing the consideration.

ID.—VOLUNTARY PURCHASER FROM NAKED TRUSTEE—NOTICE OF OWNERSHIP—PURCHASE UNDER JUDICIAL SALE.—A voluntary purchaser from the trustee of the naked legal title, having knowledge of the record of the documents evidencing the transaction and possession

of the property by the true owner, could acquire no title to the property, and a purchaser with notice under a judicial sale could occupy no better position.

APPEAL from a judgment of the Superior Court of Kern County.   Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Kemp & Collier, and Thomas Scott, for Appellant.

Waterman & Wood, for Respondent.

SHAW, J.—On November 28, 1903, defendant Tiffin had docketed in Kern county a deficiency judgment against George W. Cummings.   On September 25, 1905, claiming that Cummings had, after the docketing of the judgment, acquired an interest in certain mining property situated in Kern county, the title to which then stood in the name of plaintiff, to which the lien of his judgment had attached, defendant had an execution issued and caused the same to be levied upon said mining property, and sold to satisfy said judgment so docketed against Cummings.   At the sale defendant became the purchaser thereof; whereupon plaintiff brought this action to quiet title.   Judgment went in favor of plaintiff, from which defendant prosecutes an appeal upon the judgment-roll.

The case was tried upon an agreed statement of facts, from which it appears that on September 8th, prior to the docketing of said judgment, Benjamin G. Parlow entered into an agreement with Cummings whereby he agreed to sell and convey to the latter an undivided 26/48 interest in said mining property, together with certain water rights and millsite connected therewith.   The consideration for such proposed sale was $8,920, $3,500 of which was payable in cash, and the balance to be paid out of the proceeds of milling the ore from the mine, a mill for which purpose Cummings agreed to install within eight months from September 8th.   At the time of entering into this contract Parlow signed and acknowledged two deeds conveying the property to Cummings.   On the same day, and as a part of the same transaction, Cummings entered into a contract with H. W. Bryson and associates, which was, in effect, an assignment to Bryson et al. of the contract

secured by him from Parlow; Bryson and associates agreeing to perform the covenants made by Cummings in his contract with Parlow. As part of the same transaction, and on the same date, Cummings signed and acknowledged two deeds, wherein Bryson and associates were made grantees, which deeds were of like effect as those wherein he was made grantee in the deeds from Parlow. Bryson and his associates paid to Parlow the cash payment of $3,500, and thereupon the contract made between Parlow and Cummings, together with the deeds from Parlow to Cummings, and the contract between Cummings and Bryson et al., together with the deeds from Cummings to Bryson and associates, were placed in escrow with instructions to the holder, signed by all of said parties, to the effect that if Bryson and associates should, within the time specified, perform the conditions specified in the contracts, all of said papers and deeds were to be delivered to the latter; otherwise, and in case of failure to comply with the conditions, the Parlow agreement and deeds by him made to Cummings should be delivered to Parlow, and the other papers to Cummings. Bryson and associates entered into possession of the property, and thereafter fully complied with the conditions of the escrow and received all of the papers some time in March, 1904, at which time all of them were filed for record, actual notice of which fact defendant had long prior to the sale. Plaintiff was created a corporation by Bryson and associates, and they, by deed dated February 24, 1904, conveyed all of said property so acquired from Parlow to the corporation. Cummings never paid anything on account of the purchase of the property, the entire consideration therefor having been paid by Bryson and associates. After entering into possession of the property on September 8, 1903, Bryson et al., and plaintiff as their grantee, made improvements, extracted ore from said mine and milled the same.

The judgment must be sustained on several grounds.

Appellant argues at great length that the deed from Parlow to Cummings did not become operative prior to docketing of the judgment, but subsequent thereto. Conceding this to be true, it does not follow that Cummings acquired any interest in the property by virtue of such deed.

Under the provisions of section 671, Code of Civil Procedure, the judgment when docketed became a lien upon such

real property situate in the county and not exempt which Cummings might then own, or such as he might thereafter acquire, until the lien ceased. Appellant does not claim that he owned the property at the time of the docketing of the judgment, but contends that he subsequently acquired the 26/48 interest. Whatever interest Cummings acquired was by virtue of the Parlow agreement, pursuant to which Parlow signed and acknowledged deeds to the property, making Cummings grantee therein. These deeds, however, were not delivered to Cummings, nor was it contemplated in any event that they should be so delivered. The rights of Cummings of whatever character or value were, on September 8th, prior to the docketing of the judgment, actually transferred to Bryson and associates. (*Cannon* v. *Handley,* 72 Cal. 133, [13 Pac. 315].) Thereafter Cummings had, and could have, no interest in the property. He had parted with all interest in or control over it. (*Howell* v. *Foster,* 65 Cal. 173, [3 Pac. 647]; *Ford* v. *Irwin,* 14 Cal. 428.) He could acquire none under the instructions of escrow, because the contracts and deeds, upon compliance with the conditions of the contract by Bryson and associates, were to be delivered, not to Cummings, but to the former, in whom it was intended to vest the title.

It may be admitted that delivery of the deeds conveyed to Cummings an apparent interest in the property, but it was nothing more than a naked legal title. Assuming that his interest, if any, acquired under the Parlow contract did not pass to Bryson and associates on September 8th prior to docketing of the judgment, nevertheless, they, Bryson et al., paid the entire purchase price, and "the doctrine is well established that where land is purchased in the name of one person, and the consideration is paid by another, the land will be held by the grantee in trust for the person furnishing the consideration." (*Riley* v. *Martinelli,* 97 Cal. 575, [33 Am. St. Rep. 209, 32 Pac. 579]; *Currey* v. *Allen,* 34 Cal. 254; Civ. Code, sec. 853.) "Whenever one is a mere conduit, as where he purchases property in his name as the agent of another, with the latter's funds, and subsequently conveys to him, there is no interest to which a judgment lien can attach." (Freeman on Judgments, sec. 373.) A correct statement of the rule is that the lien of a judgment creates a preference

11 Cal. App.—5

over subsequently acquired rights, but in equity it does not. attach to the mere legal title to the land as existing in the defendant at its rendition to the exclusion of a prior equitable title in a third person. (*Wilcoxson* v. *Miller,* 49 Cal. 193; *Atkinson* v. *Hancock,* 67 Iowa, 452, [25 N. W. 701]; *Ransom.* v. *Sargent,* 22 Kan. *516; Freeman on Executions, sec. 335.) Moreover, in addition to the fact that Cummings had no interest in the property to which the lien of the judgment attached, defendant, by reason of actual knowledge of the record of the documents evidencing the transaction, and possession of the property by plaintiff, had notice and means of knowledge equivalent to notice (*Lady Washington C. Co.* v. *Wood,* 113 Cal. 482, [45 Pac. 809]; *San Diego Land Co.* v. *La Presa School Dist.,* 122 Cal. 98, [54 Pac. 528]) of the facts showing plaintiff to be the real owner of the property. A voluntary purchaser from Cummings having such notice could acquire no title to the property (*Galland* v. *Jackman,* 26 Cal. 79, [85 Am. Dec. 172]; *Stonesifer* v. *Kilburn,* 122 Cal. 659, [55 Pac. 587]); and a purchaser with notice under judicial sale could occupy no better position. (*O'Rourke* v. *O'Connor,* 39 Cal. 442; Freeman on Judgments, sec. 366.)

The several documents, contracts and deeds constituting but one transaction antedating the docketing of the judgment, and the purpose and effect of which, upon compliance with the terms thereof, was to vest title to the property in plaintiff's grantors, who had paid the entire purchase price thereof, it would seem clear that Cummings never at any time acquired any interest in the property, and that defendant possessing full knowledge of all the facts constituting the transaction acquired no interest in the property by reason of purchasing the same at a sale under execution issued to enforce payment of the deficiency judgment docketed against. Cummings.

Judgment affirmed.

Allen, P. J., and Taggart, J., concurred.