[Civ. No. 8032. Third Dist. May 8, 1952.]

LEONARD W. ROYAT et al., Appellants, v. GEORGE
ROBERTS et al., Respondents.

Morris M. Grupp for Appellants.

Dorman & Stokes, Samuel B. Stewart, Jr., and Christopher M. Jenks for Respondents.

VAN DYKE, J.—Plaintiffs and appellants herein brought action in claim and delivery and for damages. They complained against defendants George and Lawrence Roberts who have not appealed from the judgment rendered against them, and against Bank of America National Trust and Savings Association, in whose favor the trial court gave judgment. Plaintiffs have appealed from the judgment in favor of the bank and with respect to the judgment against the Roberts they appeal, contending that insufficient relief was given. The bank has filed a brief in reply, but the Roberts made no appearance in this court.

Prior to May, 1947, defendants Roberts owned a tractor upon which the bank held a chattel mortgage. In May appellants purchased the tractor, under an oral contract, for a purchase price of $9,500. They paid $1,000 down. At that time the sellers owed the bank $5,200 secured by the chattel mortgage. By the oral agreement appellants were to assume the mortgage debt and to make the payments thereon as they fell due under the terms of the mortgage. The trial court found that the balance was to be paid to the Roberts on or before the time for the making of the last payment to the bank on the mortgage. While the agreement was quite indefinite about this we think the trial court's conclusions on that point are supported by what was proven. By December 14, 1948, appellants had paid to the bank all moneys called for by the chattel mortgage save $327.08, which amount was delinquent. At that time defendants Roberts repossessed the tractor and, despite demands for its return, continued to detain the same. Claiming that the repossession was wrongful, appellants filed this action, charging that both the Roberts and the bank had been guilty of unlawfully taking and detaining plaintiffs' chattel to their damage in the sum of $25,000. They

prayed that they recover the tractor or have judgment for its value if recovery could not be had and that they have judgment further for the damages alleged as arising from the unlawful taking and keeping. The trial court found in effect that the bank had had nothing to do with either the wrongful taking or the wrongful detention and entered judgment in its favor accordingly. As to the Roberts, the trial court found the taking and the detention had been wrongful and had damaged plaintiffs in the sum of $3,000. It gave judgment in plaintiffs' favor for the recovery of the tractor or for its value if recovery could not be had, for the damages found and for costs. It appears that this judgment was partly executed in that upon process issued the tractor was recovered by plaintiffs. These facts were made the basis of a motion herein to dismiss the appeal, which was denied. (*Royat* v. *Roberts,* 107 Cal.App.2d 447 [237 P.2d 25].) The court found that "the value of the interest of plaintiffs and the amount of the interest of plaintiffs, in said tractor, winch and blade, as against the defendants Roberts, at the time of the taking thereof and at the time of trial herein, was and is the sum of $3,380.40, being the market value of said equipment [found to be $7,000] less the amount remaining unpaid on said contract of conditional sale." The conclusions of law were that the plaintiffs recover from defendants Roberts the sum of $3,000 damages for wrongful taking and detention, and that they recover possession of the tractor, or if that could not be had, then in lieu thereof that they should recover the sum of $3,380.40, the net value of their interest in the property.

Appellants contend that the trial court erred in holding that the respondent Bank of America had no part in the commission of the tort. Appellants argue that the court should have rendered judgment against the bank "identical to that rendered against the Roberts." This contention cannot be sustained because there was substantial evidence in support of the court's decision. Specifically, the court found that "defendant Bank of America National Trust and Savings Association did not take said equipment from plaintiffs at any time, and was not at any time either prior to or after the commencement of this action in possession thereof, and did not at any time secrete or transfer the same to anyone, and was not at any time either the agent or the principal of either of the defendants Roberts, and at all times the said defendants Roberts were acting for their own purposes and not as the agent of, or the principal of, the said defendant Bank of

America.'' Appellants do not contend that the bank through any of its officers or employees took physical possession of the tractor or kept or detained it. Their argument is that the bank was a joint tort feasor with the Roberts in the wrongful taking and detention of the property; that the Roberts, in what they did, were agents of the bank. ■ On this appeal we are not concerned with whether or not a finding in accordance with appellants' contentions would find support in the evidence. We are concerned only with whether or not the contrary findings made by the court are sustained. Leonard Royat testified that the bank had at no time, to him, threatened repossession for nonpayment; defendant George Roberts testified that he had no authority from the bank to repossess the chattel. When the Roberts appeared to repossess the tractor, one of the appellants called the bank, long distance, and asked if the bank would be satisfied if the balance of its account were mailed in and the reply was that it would be all right as far as the bank was concerned, whereupon Lawrence Roberts told appellants that it might be all right with the bank but that unless they paid him the balance due to the Roberts the machine would be taken. From the foregoing the trial court could conclude, as it did, that whatever may have been the status of the bank when the repossession proceedings started, the bank withdrew when told that its payment would be mailed in, and that the Roberts went on to repossess under their own claim of right to do so.

Appellants next contend that if there was no agency whereby the bank, through its agents, the Roberts, repossessed the chattel, nevertheless the bank so acted thereafter as to create such precedent authority by subsequent ratification of what the others did. Herein they depend upon these events: The Roberts, aside from the amount directly secured by the chattel mortgage, owed the bank money on unsecured loans; after the Roberts had taken the tractor the bank took from them a new mortgage thereon to secure these theretofore unsecured loans; in its answer herein the bank claimed that it had a security interest evidenced by this new mortgage; the bank did not ''repudiate'' in any way the wrongful acts of the Roberts. From the evidence recited, the court was warranted in concluding that the Roberts not only did not purport to be acting for the bank but professed to be acting solely on their account and for their own interests. ■ If the bank thereafter, and while the tractor was in the Roberts' pos-

session took a mortgage upon it, for whatever such mortgage might be worth, in order to secure theretofore unsecured debts owing it by the Roberts these acts did not constitute ratification of the wrongful taking. Impliedly, the court found that the bank did not ratify and this finding is supported by the circumstances recited, for the acts of the bank relied upon to constitute such ratification are not conclusive of ratification. ■ Whether there was agency and whether there was ratification, were questions of fact and enough has been stated to show that the court had support for its findings that agency did not exist and ratification did not occur.

■ Moreover, before an act or contract may be the subject of ratification there must be some relationship, actual or assumed, of principal and agent. (2 Am.Jur. p. 177, Agency, § 222.) The trial court, upon substantial evidence, found there was no agency in fact, and that no agency or right to act as agent was assumed or professed and that on the contrary the Roberts claimed to act solely on their own account.

Appellants complain that the trial court did not decide all issues presented by the pleadings and the evidence and in particular they say that whereas the complaint alleged that the defendants unlawfully asserted an interest in the tractor and the bank alleged in its answer that it had a chattel mortgage thereon which had not been released, no findings specifically were made as to these matters. Appellants' contentions are without merit. The issues were, the right of appellants to possession, the wrongful deprivation thereof by defendants, and the wrongful detention of the property after its taking. These issues were all decided. ■ It was not necessary or proper for the court to pass upon the validity of the bank's mortgages or the amount secured thereby since the bank was not asserting any right to possession. (*Tuohy* v. *Lindner*, 144 Cal. 790 [78 P. 233].)

Appellants complain that certain findings of fact are unsupported by the evidence or contrary thereto. Under this assignment of error they list the court's findings that the balance of the purchase price after payment of the bank's mortgage was, under the oral agreement, to be paid when the final mortgage installment was due and that title to the tractor was by the agreement of the parties reserved to the Roberts. ■ Assuming that these findings were not justified, they were immaterial, for the court declared the seizure to be unlawful and awarded damages for its wrongful taking and detention and thus gave to appellants all of the relief they

would have been entitled to if their contentions above stated were correct. This is not to say the findings complained of were not proper; it is to say the matter is moot.

Appellants next complain that the court erred in finding the exact unpaid balance of the purchase price of the tractor to be $3,619.60, and in finding that the value of the tractor at the time it was wrongfully taken amounted to $7,000, with the result that the "net value of appellants' equity therein" amounted to $3,380.40. It must be said that the evidence as to the amount still owing to the Roberts on the purchase price of the tractor was most unsatisfactory, but we think it cannot be said that there is not substantial support for the court's finding. The matter was material only because the appellants were entitled, if they were successful in fastening upon the Roberts liability for wrongful taking, to have it decreed they were entitled to possession of the tractor and if that could not be had, entitled to recover the value of it. In ascertaining the amount which would measure the alternative remedy if possession could not be regained, the court had to subtract from the total value of the chattel the amount still owed the Roberts therefor by the appellants, and it thus became proper for the court to determine what that unpaid balance of purchase price amounted to. (*Bunnell* v. *Baker*, 104 Cal.App. 313, 317 [285 P. 877, 286 P. 1090].) One of the Roberts testified that while at the scene of repossession the parties were arguing about the Roberts' right to repossession, both the appellants admitted that $3,700 was still owed on the purchase price to the Roberts. Also a witness by the name of Ralph Crane testified that he was present at the place of repossession and had heard one of the Roberts claim to the Royats that the amount owing exceeded $4,000, whereas the Royats claimed it was between $3,700 and $3,800. It appeared that records kept by the Roberts which would have shown the status of the account had been burned and no other records were available. It was for the trial court to determine as best it could from the evidence available how much was still owed. It fixed the figure within the permissible limits as shown by the foregoing testimony which it had a right to believe, and therefore the court's findings cannot be disturbed here. Appellants did introduce various records of their own, constituting books, checks and summaries drawn therefrom, but on appeal these matters must be treated as doing no more than to raise a conflict upon a question of fact. The trial

court's finding to the contrary is supported and must be upheld.

The judgment appealed from is affirmed.

Adams, P. J., and Peek, J., concurred.

The opinion was modified to read as above printed on May 28, 1952.