[No. 11455. In Bank. — October 23, 1888.]

ROBERT F. MORROW, APPELLANT, v. ROBERT N. GRAVES ET AL., RESPONDENTS.

UNRECORDED DEED — ATTACHMENT. — An unrecorded deed is effective as against a subsequent attachment of the land as the property of the grantor.

ID. — FRAUDULENT CONVEYANCE — BONA FIDE PURCHASER — NOTICE OF FRAUD. — A conveyance made to defraud the creditors of the grantor cannot be avoided as against a subsequent purchaser from the grantee for value without notice of the fraud. Notice of an attachment of the property as the property of the original grantor for his indebtedness, after the execution and before the record of the original deed, is not notice of fraud in the conveyance.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The evidence for the defendants showed that the land in question was conveyed by D. M. Tyrrell to Robert N. Graves, in consideration of indebtedness to him in the sum of $1,511, and for the further sum of $200 cash; and that Graves sold the land subsequently on his own account to Wynn and Anspacher for $2,000. Further facts are stated in the opinion.

*Ben Morgan,* for Appellant.

*H. A. Powell,* for Respondents.

HAYNE, C.—Action to set aside certain deeds as in fraud of plaintiff's rights as a judgment creditor. The debtor, one Tyrrell, who was the owner of the property, conveyed it to the defendant Graves by a deed which was made before the commencement of the plaintiff's attachment suit against Tyrrell, but not recorded until afterwards. After the recording of the deed, Graves, for valuable consideration, conveyed to the defendants Anspacher and Wynn. Judgment passed for the defendants, and the plaintiff appeals. The court below found that the deed to Graves was for valuable consideration, and not for the purpose of hindering, delaying, or defrauding the creditors of Tyrrell; and we cannot say upon the record that this finding is not sustained by the evidence. The fact that this deed was not recorded until after the plaintiff's attachment proceedings against Tyrrell is immaterial. (*Plant* v. *Smythe,* 45 Cal. 161; *Hoag* v. *Howard,* 55 Cal. 564.) But if it were otherwise,—if the deed to Graves be assumed to have been in fraud of the rights of creditors,—the objection would not reach the deed to Anspacher and Wynn. At the time of this deed the title stood of record in the name of Graves. They purchased

from him for valuable consideration, and are not shown to have had any notice of the alleged fraudulent character of the deed to Graves. Knowledge of the existing attachment lien in the case of R. F. Morrow against D. M. Tyrrell is quite a different thing; for the title did not then stand in the name of Tyrrell. We therefore advise that the judgment and order denying a new trial be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.