[Civ. No. 590. First Appellate District.—October 23, 1908.]

## A. R. DENIKE, Appellant, v. SANTA CLARA VALLEY AGRICULTURAL SOCIETY, Its Members and Directors, SAN JOSE LAND AND EXHIBIT ASSOCIATION, PENINSULA LAND AND IMPROVEMENT COMPANY, SAN JOSE AND SANTA CLARA RAILROAD COMPANY, E. M. REA, and L. E. HANCHETT, Respondents.

ACTION TO VACATE JUDGMENT AND DEEDS FOR FRAUD—STATUTE OF LIMITATIONS—DISCOVERY OF FRAUD—INSUFFICIENT COMPLAINT.—A complaint by a life member of a district agricultural society, to set aside a judgment and deed of its property under execution and a deed by the society, for its benefit and that of its members, alleged to have been procured by fraud of its officers and certain defendants, which shows that such deeds were of record, and that the alleged frauds took place about seven years before the commencement of the action, and merely alleges, in general terms, "that the plaintiff did not know or have the means of knowing or discovering said acts of fraud hereinbefore specifically alleged until within three years next before the commencement of this action," is insufficient to take the case out of the operation of the statute of limitations, and demurrers thereto pleading the bar of the statute were properly sustained.

ID.—ESSENTIAL AVERMENTS TO TAKE FRAUD OUT OF BAR OF STATUTE.—In order to take fraud occurring more than three years before the commencement of the action out of the bar of the statute, the complaint must show that the acts of fraud were committed under such circumstances that the plaintiff would not be presumed to have any knowledge of them, as that they were done in secret, or were kept concealed, and must also show the times and circumstances under which the facts constituting the fraud were brought to his knowledge, so that the court may determine whether the discovery of these facts was within the time alleged.

ID.—DEEDS OF RECORD—RULE OF PLEADING FACTS TO AVOID STATUTE ESPECIALLY APPLICABLE.—Where the complaint shows that the deeds sought to be avoided for fraud were recorded in the recorder's office of the county, the rule as to the pleading of particular facts to take a case *prima facie* barred by the statute out of its operation is especially applicable.

ID.—CONSTRUCTION OF COMPLAINT AGAINST PLEADER—PROTECTION OF GRANTEES NOT CHARGED WITH NOTICE OF FRAUD.—Where there is no averment in the complaint showing that the grantee in posses-

sion of the property, or its immediate grantor, had any notice of the frauds complained of, or were in any way parties thereto, it must be assumed that plaintiff has stated the facts as strongly as the case will warrant, and it must be presumed that the defendant in possession is a bona fide purchaser for value, and that its title is good, both against the plaintiff and the agricultural society which he represents.

ID.—POWER OF DISTRICT AGRICULTURAL SOCIETY—SUBJECTION OF PROPERTY TO EXECUTION SALE.—The act under which the district agricultural society, represented by plaintiff, was organized, expressly authorizes it to "sell, lease and dispose of" its lands "at pleasure" (Stats. 1859, p. 104), and not being a public corporation, such as are societies organized under the act of 1880, its lands could be sold upon execution.

APPEAL from a judgment of the Superior Court of Santa Clara County.    J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Wm. P. Veuve, for Appellant.

Olney & Olney, and E. M. Rea, for Respondents.

HALL, J.—This is an appeal by plaintiff from final judgment against him upon defendants' demurrers to his amended complaint, and the only question presented by the record concerns the correctness of the ruling of the court in sustaining said demurrers.

The action was brought for the benefit of the defendant Santa Clara Valley Agricultural Society, a corporation organized and still existing under and by virtue of the act entitled "An Act Concerning Agricultural Societies," approved March 12, 1859, plaintiff suing as a life member of said corporation, and making the members of the board of directors and several life members thereof, as well as said corporation, formal defendants.    The other defendants are San Jose Land and Exhibit Association, a corporation, Peninsula Land and Improvement Company, a corporation, San Jose and Santa Clara Railroad Company, a corporation, E. M. Rea and L. E. Hanchett.

The action was brought to obtain a decree:

1. Vacating and annulling a certain judgment made and entered on the eighteenth day of May, 1899, in favor of W. C.

Andrews, and against the Santa Clara Valley Agricultural Society, and all proceedings founded thereon, including the sheriff's deed of the land described in the complaint executed in pursuance of a sale to satisfy said judgment;

2. Vacating a deed to the said premises executed by the said Santa Clara Valley Agricultural Society on the seventh day of June, 1900;

3. That said Santa Clara Valley Agricultural Society have and recover possession of the premises described in the complaint;

4. And that said society recover of the Peninsula Land and Improvement Company the sum of $1,000 as the value of the rents and profits of said premises.

The defendant, the Peninsula Land and Improvement Company, appeared separately, and demurred to the amended complaint upon the grounds that the complaint does not state facts sufficient to constitute a cause of action, and upon the ground that the supposed cause of action is barred by subdivision 4 of section 338 of the Code of Civil Procedure.

The other defendants also demurred to the amended complaint upon the same grounds. The court sustained the demurrers upon both grounds, and rendered judgment against plaintiff.

If the action be treated as an action for relief on the ground of fraud, it was clearly barred by the provisions of subdivision 4 of section 338, Code of Civil Procedure, requiring such an action to be brought within three years from the discovery of the facts constituting the fraud. The complaint charges that the judgment and deeds sought to be vacated were procured and executed through alleged fraud on the part of the officers of the agricultural society and others of the defendants. But these alleged frauds occurred prior to and during the year 1900. The precise date when this action was commenced does not appear from the record brought here by appellant, but the amended complaint appears to have been filed on the twelfth day of June, 1907. Respondent in its brief states that the original complaint was filed on the nineteenth day of February, 1907, and appellant has not challenged this statement. We therefore assume it to be true. At any rate the action was commenced after the third day of November, 1906, for the complaint alleges that a transfer of a right of way to one of the defendants occurred on that day.

The only allegation as to when the plaintiff learned of the frauds complained of is that ''The plaintiff did not know nor have notice of or have the means of knowing or discovering said acts of fraud hereinbefore specifically alleged until within three years next before the commencement of this action.'' Such general allegation is insufficient to take an action for relief on the ground of fraud, occurring more than three years before the commencement of the action, out of the bar of the statute. (*People* v. *San Joaquin Valley Agr. Assn.*, 151 Cal. 797, [91 Pac. 740]; *Truett* v. *Onderdonk*, 120 Cal. 589, [53 Pac. 26]; *Lady Washington Co.* v. *Wood*, 113 Cal. 486, [45 Pac. 809]; *Lant* v. *Manley*, 71 Fed. 7.)    ''He must show that the acts of fraud were committed under such circumstances that he would not be presumed to have any knowledge of them—as that they were done in secret, or were kept concealed; and he must also show the times and circumstances under which the facts constituting the fraud were brought to his knowledge, so that the court may determine whether the discovery of these facts was within the time alleged.'' (*Lady Washington Co.* v. *Wood*, 113 Cal. 486, [45 Pac. 809]; *People* v. *San Joaquin Valley Agr. Assn.*, 151 Cal. 797, [91 Pac. 740].)

Especially is this rule applicable where it appears, as it does in the complaint here, that the deeds attacked were recorded in the recorder's office. (*Lant* v. *Manley*, 71 Fed. 7.) The complaint in this case in no respect complies with the rule laid down in the above-cited cases.

The appellant, however, takes the position that this is an action to recover the possession of land, and that the statute barring actions for fraud after three years does not apply, citing *Murphy* v. *Crowley*, 140 Cal. 141, [73 Pac. 820].

The only defendant who is charged to be in possession of the premises is the Peninsula Land and Improvement Company. It is not claimed that any of the other defendants are now in possession of the land, or have ever been in possession of any part of it, save that the railroad corporation defendant has, since the entry of the Peninsula Land and Improvement Company, received from it a grant of a right of way across the premises. As to the Peninsula Land and Improvement Company, it appears from the complaint that it deraigns title to the premises in question from the defendant Santa Clara Valley Agricultural Society through the judg-

ment and the two deeds sought to be declared fraudulent and void. The two deeds in question were executed to defendant San Jose Land and Exhibit Association, and it in turn conveyed to defendant E. M. Rea. Thereafter E. M. Rea and his wife in November, 1905, conveyed to defendant L. E. Hanchett, and on the thirty-first day of March, 1906, said Hanchett conveyed the premises to defendant the Peninsula Land and Improvement Company. These facts are alleged in the complaint, but it is not alleged that either Hanchett or defendant Peninsula Land and Improvement Company, were not purchasers for value, or that they or either of them had any notice of the alleged frauds now complained of, or were in any way parties thereto. It appears from the complaint that defendant, Peninsula Land and Improvement Company, entered into possession of the premises under its deed from Hanchett. It must be assumed that plaintiff has stated his cause of action as strongly as the facts will warrant, and we must therefore assume that the Peninsula Land and Improvement Company is a *bona fide* purchaser for value. This being so, its title is good against plaintiff and the defendant for which he sues. (*Morrow* v. *Graves*, 77 Cal. 218, [19 Pac. 489]; 2 Pomeroy's Equity, sec. 754.) See, also, *Pratt* v. *Curtis*, Fed. Cas. No. 11,375, where it was held that where a subsequent purchaser of land alleged to have been fraudulently conveyed is made defendant in a bill to set aside the conveyance, he must be charged with participation in or knowledge of the fraud.

The general allegations in the complaint that certain of the acts of the officers of the Santa Clara Valley Agricultural Society were *ultra vires* do not strengthen the case of plaintiff against defendant Peninsula Land and Improvement Company, for said company holds title both under the deed of the society and the sheriff's deed upon execution under the judgment against the society. The act under which the society was organized expressly authorizes it "to sell, lease and dispose of" its lands "at pleasure" (Stats. 1859, p. 104), and not being a public corporation, such as are societies organized under the act of 1880 (*People* v. *San Joaquin Valley Agr. Assn.*, 151 Cal. 797, [91 Pac. 740]), its lands could be sold upon execution. The whole case of plaintiff resolves itself into an attempt to recover from the possession of a subsequent *bona fide* purchaser for value land, the title to which may

have been obtained from the defendant society (for the benefit of which plaintiff sues), by frauds of some of the grantors of the present possessor and owner of such title. Such an action cannot be maintained. (*Morrow* v. *Graves*, 77 Cal. 218, [19 Pac. 489] ; *Pratt* v. *Curtis*, Fed. Cas. No. 11,375; 2 Pomeroy's Equity, sec. 754.)

. For the reasons above stated the court did not err in sustaining the demurrers, and the judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.