[Civ. No. 6521. First Appellate District, Division One.—January 25, 1929.]

JENNIE M. BAXTER, as Administratrix, etc., Appellant, v. HAZEL H. KING et al., Respondents.

C. Franklin Baxter and Hamilton A. Bauer for Appellant.

George Clark Sargent for Respondents.

TYLER, P. J.— Action to have a trust declared in certain real property and for an accounting. By a third amended complaint plaintiff alleges that on January 1, 1892, she and one Fred G. King, now deceased, entered into a verbal agreement of partnership in the city of Denver, State of Colorado, for the purpose of purchasing, developing, and selling oil properties. That the said partnership continued in existence from the date of its inception to December 11, 1920. That on said last-named date King died in Oakland, and said partnership was thereby dissolved. During its existence, King, so it is alleged, held in his possession and exclusive control all the moneys and property of the partnership amounting to the sum of $300,000. That out of such assets King paid to plaintiff the sum of $25,000, and a like amount to himself. That thereafter King without the knowledge of plaintiff took from the remaining assets the further sum of $25,000 which he invested in nonmineral and

nonoil properties; that subsequent to the purchase thereof and without the knowledge and consent of plaintiff, King, without consideration, transferred the same to his wife, Hazel Hubbard King, and his mother-in-law, Mary Blanch Hubbard, defendants herein. It is then charged, on information and belief, that such transfers were made to defraud plaintiff. The description of the different parcels of land, which are situated in Alameda County, is then set forth. Promise on the part of King to make an accounting in the early part of the year 1921 is then alleged, which accounting was prevented through his death. The complaint then recites that plaintiff had no knowledge of the acts of King, in the purchase of the real property and the conveyance of the same to his relatives until one year before the commencement of this action. The prayer is that defendants be compelled to account for all rents and income derived from the described real property and that defendants be adjudged to hold the same as trustees for the benefit of the partnership of which plaintiff is the sole survivor. General relief is also asked for. To this third amended complaint defendants interposed a demurrer upon the ground that it did not state a cause of action and also that the action was barred under various provisions of the Code of Civil Procedure. Uncertainty in many particulars was also alleged. The demurrer was sustained without leave to amend and judgment followed that plaintiff take nothing by her action. This is an appeal from the judgment. It will be noticed that the agreement relied on by plaintiff is alleged to have been entered into nearly forty years ago. The complaint contains no allegation that in any manner attempts to explain plaintiff's laches in prosecuting her alleged claim, nor does it contain the existence of any facts which might show impediments to an earlier prosecution thereof. [2] The mere recital that she had no knowledge of King's acts is insufficient to take the case out of the statute. (*Kleinclaus* v. *Dutard*, 147 Cal. 245 [81 Pac. 516].) Time and circumstances of the acts of fraud should have been set forth which would show that plaintiff was not presumed to have had knowledge of them, so that the court might determine therefrom whether the discovery of the acts was within the time alleged. (*Musick Cons. Oil. Co.* v. *Chandler*, 158 Cal. 7, 13

[109 Pac. 613] ; *Denike* v. *Santa Clara etc. Co.*, 9 Cal. App. 228, 231 [98 Pac. 687].)

There is an entire lack of allegation to show that plaintiff had exercised due diligence to discover the facts constituting the fraud or any facts excusing failure to make an earlier discovery. (12 Cal. Jur., p. 806.) Then again there is no allegation which in any manner explains the delay in the filing of the action for a period of over seven years after the death of King, although the allegations show that plaintiff was acquainted with this fact; nor is there allegation that a claim was ever presented against his estate. A further analysis of the pleading is unnecessary. The demurrer was rightfully sustained.

Judgment affirmed.

Knight, J., and Cashin, J., concurred.